**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Nicholaus Samora

    v.                                    Civil No. 07-cv-189-SM

Larry Blaisdell, Warden,
Northern New Hampshire
Correctional Facility

**O R D E R**

Currently before me for preliminary review is Nicholaus Samora's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254.  See Rule 4 of the Rules Governing § 2254 Proceedings (requiring initial review to determine whether the petition is facially valid and may be served).  As explained below, Samora has not demonstrated that he has exhausted his available and effective State remedies as required by statute.  See 28 U.S.C. § 2254(b)(1) (providing that the writ "shall not be granted" unless petitioner has exhausted all available or effective State remedies).  I therefore order Samora to amend his petition to demonstrate exhaustion of his claims.

Standard of Review

Under this Court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review.

LR 4.3(d)(2).  In conducting the preliminary review, the Court
construes pro se pleadings liberally, however inartfully pleaded.
See Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200
(2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and
Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se
pleadings liberally in favor of the pro se party).  "The policy
behind affording pro se plaintiffs liberal interpretation is that
if they present sufficient facts, the court may intuit the
correct cause of action, even if it was imperfectly pled."  See
Castro v. United States, 540 U.S. 375, 381 (2003) (noting that
courts may construe pro se pleadings so as to avoid
inappropriately stringent rules and an unnecessary dismissals of
claims); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).
All of the factual assertions made by a pro se plaintiff and
inferences reasonably drawn therefrom must be accepted as true.
See id.  This review ensures that pro se pleadings are given fair
and meaningful consideration.

Background

On March 21, 2006, Nicholaus Samora plead guilty to one
count of attempted felonious sexual assault and one count of
engaging in a prohibited use of computer services.  Both

2

indictments arose out of the same incident in which Samora communicated online with an undercover police officer posing as a fourteen year old female named "Michelle," and, using online communication, arranged to meet "Michelle" at a McDonald's in Exeter, New Hampshire in order to engage in oral sex. Samora was arrested when he arrived at the McDonald's at the pre-arranged time and date.

Samora was charged by two indictments returned by the grand jury. Samora alleges that the indictment alleging prohibited use of computer services was later replaced with an indictment that included facts that did not appear in the original indictment. Samora claims that the replacement indictment was not presented to the grand jury.

Upon Samora's guilty plea to both charges, he was sentenced to one to three years in the state prison on the attempted felonious sexual assault charge. Samora also received an additional suspended prison sentence on the charge that he used computer services in a prohibited manner. At some point after his convictions and sentences were entered, and while he was serving his committed sentence, Samora came to believe that being conviction and sentence on both of the indictments charged had

created a violation of his state and federal constitutional rights against double jeopardy, as the dual convictions resulted in two convictions and two sentences for the same conduct.

On January 31, 2007, Samora filed a motion to vacate his attempted felonious sexual assault conviction in the state Superior Court, raising both state and federal double jeopardy arguments. On April 10, 2007, the Superior Court denied his motion, but, finding that the double jeopardy argument had merit, dismissed the prohibited use of computer services indictment sua sponte, and vacated the suspended prison sentence. Samora appealed the denial of his motion and the Superior Court's sua sponte decision to the New Hampshire Supreme Court ("NHSC") on May 8, 2007. The NHSC declined his appeal on June 7, 2007. This petition followed.

In addition to the federal double jeopardy claim, Samora also includes in the instant petition two additional claims. First, Samora claims that his counsel at the time of his guilty plea was ineffective as he failed to advise Samora of the double jeopardy implications of a conviction on both charges. Second, Samora alleges that he was denied his right to be indicted by a grand jury because, when the prosecutor replaced the prohibited

4

use of computer services indictment, the new indictment included
facts that did not appear on the original indictment, and had not
been presented to the grand jury.

Samora's second and third claims before this Court, alleging
ineffective assistance of counsel and an improper indictment,
were mentioned briefly in his Superior Court motion to vacate.
The Superior Court found the indictment to be valid and did not,
in its order, address Samora's assertion that his attorney had
not advised him of the double jeopardy implications of his plea.
Neither the unpresented indictment claim nor the ineffective
assistance of counsel claim were included in the notice of appeal
Samora filed in the New Hampshire Supreme Court.

Discussion

1.   <u>Custody and Exhaustion</u>

To be eligible for habeas relief, Samora must show that he
is both in custody and has exhausted all State court remedies or
that he is excused from exhausting those remedies because of an
absence of available or effective State corrective processes.
<u>See</u> 28 U.S.C. § 2254(a) & (b); <u>see</u> <u>also</u> <u>Adelson v. DiPaolo</u>, 131
F.3d 259, 261 (1st Cir. 1997) (citing authority to explain the
exhaustion principle).  Samora has satisfied the first

requirement, as he is currently incarcerated.  However, Samora's petition does not demonstrate satisfaction of the exhaustion requirement.

A petitioner's remedies in New Hampshire are exhausted when the State's highest court has had an opportunity to rule on the petitioner's claims.  See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim[s] to the State appellate courts so that the State had the first chance to correct the claimed constitutional error"); see also Picard v. Connor, 404 U.S. 270, 275 (1971) (requiring petitioner to have fairly presented the federal nature of his claims to the State courts to give them the first opportunity to remedy the claimed constitutional error).

Samora has failed to present sufficient information or documentation to this court to demonstrate that each of the claims raised here, including the federal nature of the claims, was presented to the State appellate court.  See Smith v. Digmon, 434 U.S. 332, 333 (1978) (listing documents which would enable a federal court to determine whether the grounds supporting the habeas petition had been presented for review in the State

courts).  Samora has submitted a copy of his Superior Court motion to vacate, the Superior Court's order on that motion, his notice of appeal to the NHSC and the NHSC's notice that the appeal had been declined.

Both Samora's Superior Court motion and his notice of appeal clearly set out the double jeopardy claim, including the federal constitutional nature of that claim.  However, while the Superior Court motion to vacate mentions the ineffective assistance and inadequate indictment claims, the motion does not present the Superior Court with the federal constitutional nature of the claims.  The notice of appeal filed in the NHSC does not include the ineffective assistance and inadequate indictment claims at all.

Samora has not presented information or documentation to this Court to demonstrate that each of the claims raised here, including the federal nature of the claims, was presented to the State appellate court.  See Smith v. Digmon, 434 U.S. 332, 333 (1978) (listing documents which would enable a federal court to determine whether the grounds supporting the habeas petition had been presented for review in the State courts).

2.   <u>Mixed Petition</u>

"[T]he exhaustion principle holds, in general, that a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his State remedies in respect to <u>each and every claim</u> contained within the application." <u>Adelson</u>, 131 F.3d at 261 (emphasis added).  If Samora's petition contains both exhausted and unexhausted claims, as it appears that it does, and Samora were to press his petition without first exhausting all of the claims contained therein, I would have to recommend dismissal of the entire petition.  <u>See</u> <u>Nowaczyk v. Warden, N.H. State Prison</u>, 299 F.3d 69, 75 (1st Cir. 2002) (citing <u>Rose v. Lundy</u>, 455 U.S. 509, 513–21 (1982)).  Where a petition contains both exhausted and unexhausted claims, the proper course of action is to stay the petition pending the exhaustion of all of the claims contained therein.  <u>See</u> <u>Rhines v. Weber</u>, 544 U.S. 269, 278 (2005) (a district court should stay a mixed petition containing both exhausted and unexhausted claims if the petitioner "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.").  Accordingly, to press the claims raised

8

in this Court, Samora must amend his petition to demonstrate exhaustion of his claims alleging ineffective assistance of counsel and an improper indictment, if they have, in fact, been exhausted, or must request a stay in order to return to the State courts to complete exhaustion.

3.   Foregoing Unexhausted Claims

It should be noted that Samora has the option of foregoing any of his claims that are presently unexhausted, and requesting that this Court proceed promptly with consideration of only his exhausted claim.  Samora should be advised, however, that if he does forego any of his claims, he will likely waive ever having the foregone claims considered by this Court due to the prohibition against second or successive federal habeas petitions.  See 28 U.S.C. § 2244; Pratt v. United States, 129 F.3d 54, 56-58 (1st Cir. 1997).

Conclusion

If all of the claims raised in the petition have in fact been exhausted, Samora is ordered to amend his petition within thirty days of the date of this Order to demonstrate exhaustion of his ineffective assistance of counsel and inadequate indictment claims.  Samora is instructed that in order to

demonstrate exhaustion, he must establish that he has exhausted his State remedies with respect to each of the claims presented in his petition, including the federal nature of the claim, or that he is excused from the exhaustion requirement.  To make this showing, Samora is instructed to provide this court with copies of documents filed in the Superior Courts and the New Hampshire Supreme Court showing that each of the claims, including the federal nature of each claim, has been raised and exhausted below.  Samora should also provide this Court with copies of any orders or opinions issued by the State courts relative to these matters that have not previously been submitted to this Court.

If the claims that Samora seeks to pursue here have not yet been exhausted in the State courts, Samora must notify the Court within thirty days of the date of this Order as to how he intends to proceed in this matter.  Samora must either request a stay so that he may return to the State courts to complete exhaustion, or affirmatively forego the unexhausted claims in his mixed petition.

If Samora chooses to take further action in the State courts, once this case is stayed, Samora must commence his State court action within thirty days of the date of this Order.  If

Samora elects to pursue further State court action, he is directed to notify this Court in writing of the status of the State court proceedings every ninety days.  When the claims are fully exhausted in the State courts, Samora must, within thirty days of receiving the final State court decision, notify this Court that the State court litigation is concluded and provide this Court with the documentation of exhaustion at that time.

Should Samora fail to make a showing that he has exhausted his State court remedies for each of the grounds presented, or otherwise fails to comply with this Order, the petition may be dismissed for failure to demonstrate exhaustion.[1]  <u>See</u> 28 U.S.C. § 2254(b).

  **SO ORDERED.**

           _____
           James R. Muirhead
           United States Magistrate Judge

Date:  July 30, 2007

cc:   Nicholaus Samora, pro se

---

[1]If this petition were to be dismissed for failing to demonstrate exhaustion, the dismissal would be without prejudice as it would be procedural and not based on the merits of Samora's claims. <u>See</u> <u>Slack v. McDaniel</u>, 529 U.S. 473 (2000).